# Hartman's Appeal,

1. It is not necessary that the decrees of the Orphans' Court should be drawn up at length during its session.

2. A recognisance of an heir, taking lands at the appraisement thereof, need not be taken *in open Court.* Where it is ordered to be taken, the amount fixed and the parties named by the Court, it may be reduced to writing by the clerk after the adjournment of the Court.

3. Such recognisance need not be copied at length upon the Orphans' Court docket. A minute of it on the docket is sufficient to give notice to purchasers or creditors of the existence of the lien.

THIS was an appeal by George Hartman from the decree of the Court of Common Pleas of *Union county*, ordering distribution of

the money raised by the sheriff's sale of the real estate of John Hartman, jun., and paid into Court.

John Hartman, jun., being engaged in the mercantile business, and seised of valuable real estate, became largely involved. Among other real estate owned by him at the time of his failure, was a tract of ninety acres of land, purchased by him from Charles Fisher. This tract of ninety acres was part of the estate of George Fisher, deceased, the father of the said Charles Fisher, and was taken by the latter at the valuation, under a writ of partition or valuation, issued out of the Orphans' Court of Union county, returnable to December Term, 1833.

On the petition of Charles Fisher, praying to be allowed to take said real estate at the valuation, the following endorsement was made:

" Dec. 18, 1833, read, and property adjudged to petitioner on his giving bonds, with one security and recognisance.—Leonard approved of as surety."

This was not entered on the docket, but a full decree drawn by the Court was entered on the docket.

The Court at December Term, 1833, adjourned finally on the 21st of December; and upon the 26th, *five days after*, a paper was filed, purporting to be a recognisance, signed by Charles Fisher and Leonard App, taken and acknowledged on the same day, before the clerk of the Orphans' Court. This paper was never copied on the docket.

John Hartman, jun., purchased this property from Charles Fisher about the year 1847, and failed in the fall of 1851.

On the 24th of November, 1851, *George* Hartman, the appellant, obtained a judgment against John Hartman, jun., for $6980. Previous to this, other judgments to a large amount had been entered against John Hartman. Executions were issued on the judgments of George Hartman, and others—the real property of John Hartman, jun., *including the above-mentioned ninety acres*, was levied upon, condemned and sold by the sheriff, and the money paid into Court. The ninety acres was sold for above $5000.

Sarah Fry, late Sarah Fisher, a sister of the said Charles Fisher, and daughter of George Fisher, deceased, claimed her share of her said father's estate, out of the money thus in Court, under the recognisance given by Charles Fisher, above mentioned. George Hartman claimed under his judgment. The Court decreed that the claim of Sarah Fry, amounting to $1794.29, be paid out of the fund. From this decree George Hartman appealed.

It was admitted that the shares of the other heirs of George Fisher of the appraised value of the ninety acres had been paid. The widow of George Fisher died in December, 1849.

[Hartman's Appeal.]

Various exceptions were filed: 1. That the Court erred in decreeing the payment to Sarah Fry. 2. In deciding that the clerk had power in vacation to take the recognisance. 3 and 4. In deciding it to be a lien—as, though filed, it had not been entered of record in the Orphans' Court docket. 5. In deciding that it was no forced construction to presume that the recognisance was taken by the clerk and filed of record by direction of the Court, in pursuance of their adjudication, and that the requisition of the Act of Assembly was complied with. 6. In not decreeing the money to the judgment of George Hartman.

, The names of the counsel did not appear on the paper-books or on the minutes.

The opinion of the Court was delivered, September 7, 1853, by
KNOX, J.—Two objections are made against the validity of the lien of the recognisance in this case.

1st. That it was taken by the clerk of the Orphans' Court in vacation.

2d. That it was not entered at large upon the record.

The facts are these. On the 18th December, A. D. 1833, Charles Fisher presented his petition to the Orphans' Court of Union county, praying to be allowed to take a part of the real estate (to wit, 90 acres) of his deceased father at the valuation made by the inquest. The following endorsement was entered upon the petition —" Read, and property adjudged to petitioner on his giving bonds, with one security and recognisance. Leonard approved as surety."

The petition was copied into the Orphans' Court docket with the following entry immediately below it:

" Whereupon the above petition being read and heard, it is considered and adjudged by the Court, that Charles Fisher, eldest son and heir-at-law of the said George Fisher, deceased, shall and may upon paying, or securing to be paid unto the other children and representatives of the said deceased, their equal and proportionable parts of and in the valuation aforesaid, within twelve months from this· time, hold and enjoy the real estate of the said deceased, valued as aforesaid, to him, his heirs and assigns for ever, as fully and· freely as his said father had and held the same in his lifetime, agreeable to the Act of Assembly in such case made and provided.

And the said Charles Fisher offering to the Court Leonard App as surety for the payment of the shares and dividends aforesaid, who is approved of and accepted as surety."      By the Court.

Then follows the entry: " Recognisance filed and bonds given."

The recognisance is in due form, purporting to be taken and acknowledged on the 26th day of December, 1833, before J. Stilwell, clerk of the Orphans' Court, and filed amongst the records

the same day, which was four days after the adjournment of the Court for the December Term.

It is clear that this recognisance was taken by the clerk in pursuance of the direction of the Court to that effect; and even if it were necessary (which it is not), that the orders and decrees should be drawn up at length whilst the Court is in actual session, we might presume that the Court was open on the day of the date of the recognisance, as the Orphans' Court being a Court of Equity is presumed to be in session upon all juridical days, at least so far as necessary to carry out its own orders and decrees. Again, a recognisance need not be taken in open Court. Where it is ordered to be taken, the amount fixed, and the parties named by the Court, its ministerial officer, the clerk, can reduce it to writing without the judges or any of them being actually present.

Neither is there anything in the statute or common law which requires that a recognisance when taken should be copied at length upon the Orphans' Court or other docket. A minute such as was made in the present case, that it had been taken and filed, is amply sufficient to give notice to purchasers or creditors of the existence of the lien.

We approve of the practice, which is now nearly or quite universal, of taking recognisances to secure the rights of heirs and others in proceedings in partition. It unites both real and personal security, and we are not disposed to interfere to prevent a party from receiving his or her just claim upon grounds so exceedingly technical as those sought to be interposed here.

Decree affirmed.